In re: COX ENTERPRISES, INC., SET–TOP CABLE TELEVISION BOX ANTITRUST LITIGATION.

MDL No. 2048.

United States Judicial Panel on Multidistrict Litigation.

June 11, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants Cox Enterprises, Inc.; Cox Communications, Inc.; Cox Communications Louisiana, LLC; Cox Communications New Orleans, Inc.; and CoxCom, Inc. (collectively Cox) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Georgia. Plaintiffs in two actions and five potentially related actions suggest centralization in the Eastern District of Louisiana. Plaintiffs in two actions and two potentially related actions suggest centralization in the Western District of Oklahoma.

This litigation currently consists of four actions listed on Schedule A and pending in three districts: two actions in the Eastern District of Louisiana, and one action each in the District of Arizona and the Middle District of Georgia.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Cox improperly tied and bundled the lease of cable boxes to the ability to obtain premium cable services in violation of Section 1 of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Oklahoma is an appropriate transferee forum for this litigation. A potentially related action is pending in that district, and Judge Robin J. Cauthron has the time and experience to steer this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Robin J. Cauthron for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

MDL No. 2048 — **IN RE: COX ENTERPRISES, INC., SET–TOP CABLE TELEVISION BOX ANTITRUST LITIGATION**

*District of Arizona*

   *Bradley Gelder v. CoxCom, Inc.,* C.A. No. 2:09–456

*Middle District of Georgia*

   *Patti Duke, et al. v. Cox Enterprises, Inc.,* C.A. No. 5:09–83

---

1. The Panel has been notified that fourteen additional related actions have been filed: nine actions in the Eastern District of Louisiana, and one action each in the Central District of California, the Southern District of California, the Northern District of Florida, the District of Nevada, and the Western District of Oklahoma. All of these actions, save the action pending in the Western District of Oklahoma, will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Eastern District of Louisiana*

  *Melissa Wilson Berniard v. Cox Communications New Orleans, Inc., et al.,* C.A. No. 2:09–2996

  *Jessica Diket v. Cox Enterprises, Inc., et al.,* C.A. No. 2:09–3022